IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ISIDRO GRIJALDA-VALDEZ and
BEATRIZ RAMIREZ,

   Plaintiffs,

v.              No. 1:26-cv-0284 JFR/DLM

OMAROU YAWA and DTL
TRANSPORT, INC.,

   Defendants.

## ORDER IMPOSING SANCTIONS

**THIS MATTER** is before the Court following an Order to Show Cause Hearing. (*See* Doc. 9.)

### I. Relevant Facts

On February 6, 2026, the Court issued its first Order to Show Cause directing Defendants to "either file an amended notice of removal setting forth facts sufficient to establish the amount in controversy, or provide the Court with a written explanation showing good cause why this action should not be remanded for lack of subject-matter jurisdiction." (*See* Doc. 3 at 2.) Defendants responded, stating that Plaintiffs are "alleging substantial injuries and demanding a total settlement amount well in excess of the jurisdictional threshold." (*See* Doc. 4 ¶ 4.) On February 18, 2026, the Court entered an Order directing counsel to appear telephonically for a status conference to address subject-matter jurisdiction and aggregation. (Doc. 5.)

At the March 2, 2026 status conference, Plaintiffs represented that while the aggregate amount sought exceeds $75,000, no individual Plaintiff seeks more than $75,000. (*See* Doc. 6 at 1.) Defendants, on the other hand, asserted that the amount-in-controversy requirement is satisfied

because the Plaintiffs' claims may be aggregated. (*See id.* at 1–2.) Following the hearing, the Court issued a second Order to Show Cause requiring Defendants' counsel, Michael Franz, to file a brief addressing the jurisdictional issue within 14 days. (Doc. 7.) Mr. Franz failed to file the brief as ordered.

On March 20, 2026, the Court issued a third Order to Show Cause setting an in-person hearing for April 20, 2026. (Doc. 8.) Despite the clear directive, Mr. Franz did not appear in person, and the Court was required to make last-minute accommodations to conduct a hybrid Zoom/in-person hearing because Plaintiffs' counsel, Matthew Malleis, appeared as ordered.

At the show cause hearing, Mr. Franz stated that the parties reached a settlement agreement on March 13, 2026, later disputed the scope of that agreement, and he believed the in-person hearing would instead proceed telephonically. (*See* Doc. 9 at 1.) He further stated that he assumed Plaintiffs' counsel would notify the Court of the settlement. (*See id.*) No notice of settlement was filed.

## II.    Sanctions

The Court finds that Mr. Franz's failure to respond to the March 2 Order to Show Cause and failure to appear in person for the April 20 hearing warrants sanctions. "Any attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. The Court need not find bad faith to award sanctions under § 1927; rather, "any conduct that, 'viewed objectively, manifests either intentional or reckless disregard of the attorney's duties to the court,' is sanctionable." *See Hamilton v. Boise Cascade Exp.*, 519 F.3d 1197, 1202 (10th Cir. 2008) (quoting *Braley v. Campbell*, 832 F.2d 1504, 1512 (10th Cir. 1987)).

2

Mr. Franz's conduct meets this standard. He failed to file the jurisdictional brief required by the March 2 Order to Show Cause. He then failed to appear in person at the April 20 hearing, despite explicit instructions. His conduct required the Court to issue multiple Orders to Show Cause, delayed resolution of the jurisdictional issue,[1] and caused opposing counsel to incur unnecessary travel time and expenses. The Court and chambers staff also expended significant time preparing for the hearing. The Court finds that his conduct demonstrates "either intentional or reckless disregard of [his] duties to the court" and warrants sanctions. *See Hamilton*, 519 F.3d at 1202 (quotation omitted).

The Court imposes the following monetary sanctions, to be paid personally by Mr. Franz or his firm, without recoupment from his client:

$2,100.00 for opposing counsel's seven hours of travel time (7 hours × $300/hour);[2]

$160.13 in gross receipts tax (7.625%);

$323.35 in round-trip mileage (446 miles at the 2026 IRS rate of 72.5¢/mile).[3] [4]

Total: $2,583.48.

**IT IS THEREFORE ORDERED** that Defendants' counsel, Michael Franz, shall pay **$2,583.48** to Plaintiffs' counsel, Matthew Malleis, **no later than April 27, 2026**.

---

[1] At the show cause hearing, when the Court asked how the parties intended to proceed if no settlement was reached, Mr. Franz stated that Defendants would consent to remand or would no longer oppose remand if the case is not resolved. (*See* Doc. 9 at 2.)

[2] On questioning from the Court, Mr. Malleis stated that he charges $300 per hour. (*See id.*)

[3] According to the CM/ECF docket, Mr. Malleis's office is located in Albuquerque, New Mexico, and the April 20, 2026 hearing was held in Las Cruces, New Mexico. The Court therefore calculated mileage based on the approximately 642-mile round-trip distance between Albuquerque and Las Cruces.

[4] The Court calculated mileage using the 2026 IRS business-standard mileage rate of 72.5 cents per mile. *See* IRS News release, *IRS Sets 2026 Business Standard Mileage Rate at 72.5 Cents per Mile, Up 2.5 Cents*, IRS, https://www.irs.gov/newsroom/irs-sets-2026-business-standard-mileage-rate-at-725-cents-per-mile-up-25-cents (Dec. 29, 2025)

**IT IS FURTHER ORDERED** that Mr. Franz shall file a notice on the docket confirming compliance **no later than April 27, 2026**.

**IT IS FURTHER ORDERED** that, consistent with Mr. Franz's representation at the show cause hearing that Defendants would consent to remand or would no longer oppose remand if the case is not resolved, the parties shall file either a joint motion to remand or, if they cannot agree, a motion to remand by the party seeking remand **no later than April 28, 2026**.

**IT IS SO ORDERED**.

_____
DAMIAN L. MARTINEZ
UNITED STATES MAGISTRATE JUDGE